UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| E. BOYD SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-260 |
| | § | |
| JPMORGAN CHASE BANK, NATIONAL | § | |
| ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO DISMISS

"Don't mess with Texas homesteads" has been a clear message to lenders since the very early days of Texas. The prohibition is so unequivocal that any lien purporting to encumber homestead property is, and for 166 years has continuously been, beyond the reach of creditors for forced sale absent compliance with rigid constitutional requirements.[1] The current constitutional language reads,

> ***No mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt described by this section***, whether such mortgage, trust deed, or other lien, shall have been created by the owner alone, or together with his or her spouse, in case the owner is married. All pretended sales of the homestead involving any condition of defeasance shall be void.

TEX. CONST. art. XVI, § 50(c) (emphasis added).

---

[1] The homestead exemption was initiated by statute in 1839 during the Republic of Texas (First Session of the Third Congress) and was placed beyond the reach of legislators by the Constitution of 1845 (the governing document of Texas after annexation by the United States). TEX. CONST. art. XVI, § 50 (Vernon 1993 Interpretive Commentary).

### A. Void Liens

A noncompliant mortgage lien against a homestead is thus void *ab initio*. *Moore v. Chamberlain*, 195 S.W. 1135 (Tex. 1917); *Florey v. Estate of McConnell*, 212 S.W.3d 439, 447 (Tex. App.–Austin 2006, pet. denied). As early as 1890, the Supreme Court of Texas held:

> The constitution forbidding the fixing on the homestead of liens other than such as are thereby expressly permitted, no estoppel can arise in favor of a lender, who has attempted to secure a lien on homestead in actual use and possession of the family, based on declarations of the husband and wife, made orally or in writing, contrary to the fact. To hold otherwise would practically abrogate the constitution. ***If property be homestead in fact and law, lenders must understand that liens cannot be fixed upon it,*** and that declarations of husband and wife to the contrary, however made, must not be relied upon. They must further understand that no designation of homestead, contrary to the fact, will enable parties to evade the law, and incumber [sic] homesteads with liens forbidden by the constitution.

*Texas Land & Loan Co. v. Blalock*, 13 S.W. 12, 13 (Tex. 1890) (emphasis added). One hundred years later, this opinion was followed by the Fifth Circuit. *Matter of Rubarts*, 896 F.2d 107, 112 (5th Cir. 1990).

More specifically, "The question of whether [a] deed is void or voidable depends on its effect upon the title at the time it was executed and delivered. If it was a mere nullity, passing no title and conferring no rights whatsoever, it was absolutely void . . . ." *Slaughter v. Qualls,* 162 S.W.2d 671, 674 (Tex. 1942). Ordinarily, a lien on homestead is so completely invalid that it cannot be made valid later, by ratification. *Collier v.*

*Valley Building & Loan Ass'n*, 62 S.W.2d 82 (Tex. Comm'n App. 1933, holdings approved).  Such a lien is void.

### B. The Claim of a Constitutional Violation is "Plausible"

In this case, there appears to be little question that the lender, JPMorgan Chase Bank, N.A. (JPMC), has violated the borrower's, E. Boyd Smith's (Smith's), homestead rights under the Texas Constitution.  Smith has so alleged; and JPMC has admitted as much in written correspondence to Smith, dated May 12, 2010, stating:  "It has come to our attention that the above-referenced home equity line of credit account secured by your homestead was apparently made in violation of Texas Constitution Section 50(a)(6)(K) in that there was already a prior equity loan secured by your homestead." Under the *Twombly* rule, for purposes of JPMC's motion to dismiss (D.E. 11), the Court assumes the truth of these statements.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007).

Smith already had a home equity lien from another lender encumbering his homestead and the TEXAS CONSTITUTION allows only one such lien at a time.  TEX. CONST. art. XVI, § 50(a)(6)(K).  It would then appear that this is a simple case.  But JPMC contends that its constitutional violation is of no consequence because, on the face of the pleadings, Smith's constitutional complaint that the lien is void is barred by limitations.

### C. Limitations

While limitations is an affirmative defense, it is subject to adjudication in the context of a Rule 12(b)(6) motion if the application of the defense is apparent on the face

3 / 16

of the pleadings. *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21 (2007). JPMC's rights, and thus the application of its limitations defense, must be determined pursuant to the home equity loan revisions to the TEXAS CONSTITUTION, which went into effect in 1997. Those provisions prescribe procedures, or at least strong clues regarding procedures, for the manner in which homestead violations are identified and addressed. In other words, the Court looks to the constitutional language to determine who had the duty to act and when that duty was triggered.

### 1. The Constitutional Cure Provision

Pursuant to the home equity provisions of the TEXAS CONSTITUTION, the lender forfeits all principal and interest if it fails to comply with the constitutional requirements and fails to correct its noncompliance not later than the sixtieth day after the borrower notifies the lender of the violation. TEX. CONST. art. XVI, § 50(a)(6)(Q)(x). Apparently, because the cure provision only references forfeiture of principal and interest, Smith argues that it does not apply to his effort to reclaim his property and quiet title by eliminating the purported lien. This contention is incorrect. According to the Supreme Court of Texas,

> When we read all the amendment's provisions together, we conclude that section 50(a)(6)(Q)(x) is a cure provision that applies to all of section 50(a) and is not limited to protecting the loan's principal and interest. Rather, this provision also operates as a cure provision that validates a lien securing a section 50(a)(6) extension of credit.

*Doody v. Ameriquest Mort. Co.*, 49 S.W.3d 342, 346-47 (Tex. 2001). In other words, a void home equity lien may be made valid upon proper cure. This is a completely new

development in the law protecting Texas homesteads.

Clear from the Texas Supreme Court's opinion is the context in which home equity liens arise: a home equity loan in Texas must, by definition, be made pursuant to a nonrecourse note. TEX. CONST. art. XVI, sec 50(a)(6)(C). Consequently, if there is a constitutional infirmity that renders the lien against the homestead void, then the lender effectively loses everything. That is because a nonrecourse note, upon default, is payable only out of the specific collateral, with no possibility of a deficiency judgment against the debtor, personally. *Pineridge Associates, L.P. v. Ridgepine, LLC*, 337 S.W.3d 461, 465 (Tex. App.—Fort Worth 2011, no pet.) (describing the effect of a nonrecourse note).

To mitigate that drastic result, the constitution contains a series of cure provisions that are designed to provide the lender with a chance to salvage its lien from any constitutional infirmity so that it may ultimately recover from the real estate collateral in the event of the borrower's default. TEX. CONST. art. XVI, sec. 50(a)(6)(Q)(x). As noted, according to those provisions, a borrower can give notice of the constitutional violation after which the lender has sixty days to cure the violation.

## 2. No Time Limits on the Borrower's Duty to Give Notice

As this Court's jurisdiction is based on diversity of citizenship, the task presented by JPMC's motion is to determine and apply Texas law. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79, 58 S.Ct. 817 (1938) (requirement that the law of the forum state applies in diversity cases); *Guaranty Trust Co. v. York*, 326 U.S. 99, 111-12, 65 S.Ct. 1464 (1945) (limitations is a matter of state law to be determined pursuant to *Erie*).

It is axiomatic that in Texas, along with other jurisdictions, the law abhors a

forfeiture. *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.2d 768, 773 (Tex. 2009); *Sirtex Oil Industries, Inc. v. Erigan*, 403 S.W.2d 784 (Tex. 1966). With this in mind, the TEXAS CONSTITUTION prescribes the borrower's first step on the journey to his remedy as being the provision of notice of any violation to the lender. Thereafter, the lender has its sixty-day opportunity to cure. Nothing in the constitution prescribes when the borrower is required to give the lender notice.

JPMC skips over this first step and its consequences, arguing that, if the borrower fails to *file suit* within four years of the closing of the loan, the borrower's remedies are forever barred. Skipping past the notice and cure stage may very well be intentional because, according to the pleadings, Smith did in fact give JPMC notice of the constitutional violations in 2008, before the expiration of four years from the closing of the loan. Again relying on the factual matters contained in the pleadings, the Court can conclude that JPMC did not take advantage of its sixty-day opportunity to cure at that time. So even assuming *arguendo* that the four-year statute applied to the prerequisite of notice, Smith met that requirement. The Court does not reach the question of whether that 2008 notice and failure to cure is determinative of the issues in this case because that question is not raised by the present motion.

### 3. No Time Limits on Suit to Quiet Title

Moving past the notice and cure procedures and evaluating the question as addressing when suit must be brought, Smith contends that, because the lien is presumptively void *ab initio* pursuant to the pleading and constitutes a cloud on his title, there is no limitations period running against him. "[A]s long as an injury clouding the

title remains, so too does an equitable action to remove the cloud; therefore, a suit to remove the cloud is not time-barred." *Ditta v. Conte*, 298 S.W.3d 187, 192 (Tex. 2009). *See also*, *Ford v. Exxon Mobile Chem. Co.*, 235 S.W.3d 615, 618-19 (Tex. 2007). Unfortunately, these cases do not specifically address the home equity loan and its cure provisions.

JPMC argues that the Texas residual four-year limitations period applies to cases involving home equity liens, that the cause of action accrues on the closing date of the loan, and that Smith's claims—filed approximately 7 years after the closing date—are barred. The Texas constitutional provision on home equity loans, itself, does not address this. *See* TEX. CONST. art. XVI, § 50(a)(6). In such situations, the ordinary approach is to apply Texas' residual four-year statute. TEX. CIV. PRAC. & REM. CODE § 16.051; *Ho v. Univ. of Tex. at Arlington*, 984 S.W.2d 672, 687 (Tex. App.—Amarillo 1998, pet. denied).

### a. Prior Home Equity Loan Case Law is Not Determinative.

There is no Texas Supreme Court case that applies the residual four-year statute to a claim under section 50 of the Texas Constitution. In resolving issues of Texas law, a federal court looks to the final decisions of the Texas Supreme Court, which are binding. But if there is no decision directly on point, then the federal court must determine how the Texas Supreme Court, if presented with the issue, would resolve it. *Packard v. OCA, Inc.*, 624 F.3d 726, 729 (5th Cir. 2010). "The decisions of Texas intermediate appellate courts may provide guidance, but are not controlling." *Id*.

JPMC relies on a number of home equity loan opinions from Texas intermediate

appellate courts and federal trial courts that apply the residual four-year statute: *Reagan v. US Bank Nat'l Ass'n*, Civil Action No. H-10-2478, 2011 WL 4729845 (S.D. Tex. Oct. 6, 2011); *Johnson v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. H-10-3360, 2010 WL 4962897 (S.D. Tex. Dec. 1, 2010); *In re Ortegon*, 398 B.R. 431, 439–40 (Bankr. W.D.Tex. 2008); *Hannaway v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. A-10-CV-714-LY, 2011 WL 891669 (W.D. Tex. March 11, 2011); *Schanzel v. JPMC Specialty Mortgage LLC*, No. 03–09–00639–CV, 2011 WL 832170 (Tex. App.—Austin March 11, 2011, no pet.); and *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 839-40 (Tex. App.—Dallas 2008, no pet.). While not cited by JPMC, the Court is also aware of two additional such cases: *Williams v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. A-10-CV-711-LY, 2011 WL 891645 (W.D. Tex. March 11, 2011); and *In re Chambers*, 419 B.R. 652 (Bankr. E.D. Tex. 2009).

At first glance, these cases appear to provide a strong, uniform rule that the four-year residual statute of limitations applies to constitutional home equity loan violations and that the cause of action accrues on the date the loan closes. However, after carefully reviewing each of these cases, the Court concludes that none of them have squarely addressed the issue presented by this case and that their conclusions, at least insofar as they are applied outside the procedural context of those cases, are contrary to controlling Texas law. Each is discussed below.

*In re Ortegon* is the earliest known federal case on the issue. There, the plaintiffs accepted without argument the application of the four-year statute of limitations, arguing only over the accrual date to be applied. The plaintiffs suggested that the limitations

period does not begin to run until the plaintiffs make their demand for a cure under 50(a)(6)(Q)(x). Noting that "Plaintiffs did not file any responsive pleadings to Defendants' answers that asserted limitations as an affirmative defense," and further noting the absence of Texas Supreme Court precedent, the Bankruptcy Court cited and followed an intermediate Texas appellate court opinion: *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 839-40 (Tex. App.—Dallas 2008, no pet.). The Bankruptcy Court then held that the cause of action accrued when the loan was closed. *Ortegon, supra* at 441. Notably, other than a request to void the lien as a remedy (thus implicitly taking the position that the lien was voidable rather than void), the plaintiffs in *Ortegon* did not make any claim that the lien was void *ab initio*.

Chronologically, the next federal case was *In re Chambers*, another bankruptcy court decision. It followed *Ortegon* and *Rivera*, and held that the four-year statute applied and began to run from the closing date. Again, there was no dispute over, or detailed discussion of, the application of the statute in that case. Additionally, on the merits, the court found that there were no constitutional violations with respect to the loan at issue anyway.

Two cases out of the Southern District of Texas followed *Rivera* and *Ortegon* without question: *Johnson* and *Reagan*. In *Johnson*, the court dismissed the borrower's claims based on the four-year statute, yet granted leave to amend to assert the discovery rule and fraudulent concealment. *Reagan* involved debtors who appeared *pro se* and who only argued for application of the discovery rule. The court held that the claim was barred by the four-year limitations statute because "Texas courts" have held that the

cause of action accrues on the loan closing date, citing *Rivera* as the only court case and further referencing the residual statute of limitations.  *Id.* at *3.

The most recent federal cases are *Williams* and *Hannaway*.  *Williams* did involve an allegation that the lien was void.  But the borrowers did not fight the application of the four-year statute.  Instead, they argued for the application of the discovery rule and fraudulent concealment.  Again citing *Ortegon* and *Rivera*, the *Williams* court found the claims barred.  JPMC cited *Hannaway* despite the fact that it is a magistrate judge's memorandum and recommendation, with no indication whether the District Court adopted it.  Thus it has no precedential or persuasive value.  It, also, simply follows *Rivera*, *Johnson*, and *Ortegon*.

Turning to Texas cases, JPMC relied at argument on *Schanzel* as unquestionably dispositive of this issue.  There, the parties were in positions that were procedurally reversed.  The lender filed suit first, seeking a judicial foreclosure of the home equity lien.  The debtor, appearing regrettably *pro se*, defended with a counterclaim, stating *inter alia* that the loan violated the three percent cap on fees and that the lender had failed to affect a timely cure after notice, citing TEX. CONST. art. XVI, § 50(a)(6)(E).

After noting that the debtor's claims in his summary judgment response had been stricken by the trial court as untimely and with the appellate court also in the process of denying most of the debtor's other claims as insufficiently briefed or waived, the *Schanzel* court chose to address the constitutional issue despite its waiver.  Without independent analysis, the court held the debtor's claims barred by limitations, relying on *Rivera*.  As additional ammunition against the debtor's constitutional claim, the *Schanzel*

court noted that, as compulsory counterclaims, they were not raised within the 30-day limitations grace period of TEX. CIV. PRAC. & REM. CODE § 16.069.[2]

After surveying all of the cases, it is apparent that JPMC's limitations argument can be distilled down to two authorities: *Rivera* and the Texas residual four-year statute. Before discussing *Rivera*, the Court notes that it is a "no petition" case and therefore the Supreme Court of Texas was not given an opportunity to review it. While it remains of some precedential value in the *Erie* analysis, it must nevertheless be apposite to the claims before the Court and must not be otherwise contrary to discernable law embodied in Texas Supreme Court cases, statutes, and the TEXAS CONSTITUTION.

In *Rivera*, the plaintiffs alleged that their home equity loan exceeded the eighty percent ratio of loan to fair market value permitted under TEX. CONST. art. XVI, § 50(a)(6)(B). The crux of the problem was, they alleged, an inflated appraisal of the property at closing. *Rivera, supra* at 837. The Riveras' causes of action included negligence, fraud, and conspiracy, seeking damages for mental anguish and out of pocket costs. *Id*. at 838. They also made a claim under the fraudulent lien statute and sought a forfeiture of the loan principal and interest in the event Countrywide failed to cure the alleged violation of the constitution pursuant to the home equity cure provision.

In response to Countrywide's motion for summary judgment, the Riveras **_agreed_** that the residual four-year statute of limitations applied. *Id*. at 839. The only subject of disagreement for the court to decide was when the cause of action accrued. *Id*. With that

---

[2] Smith, having filed this case as a plaintiff, is not subject to any limitations imposed through compulsory counterclaim practice.

backdrop, the Court concluded that the cause of action accrued on the date the loan was closed as the information needed to show an injury and a claim was available at that time. *Id*. at 840. Nowhere in that opinion is there (1) any reference to any debtor's argument that the home equity lien was void *ab initio* or (2) a holding—as opposed to the litigants' agreement—that the four-year statute applies to a claim to establish that a lien is void.

When the parties do not agree that the four-year residual statute of limitations applies, as is the case here, then *Rivera* offers no guidance for the determination of that issue and all of the cases upon which JPMC relies are of no analytical consequence.

### b. The Four-Year Statute Does Not Apply.

The *Rivera* line of cases must be disregarded not only because those cases never squarely addressed the issue at hand but because their casual application of the four-year statute is directly contrary to Texas law. Both the language of the statute and at least one case that was presented for review to the Supreme Court of Texas state that suits for recovery of property are ***not*** covered by the residual four-year statute of limitations. *York v. Flowers*, 872 S.W.2d 13, 16 (Tex. App.—San Antonio 1994, writ denied).

Quite simply, the residual limitations statute states, "Every action for which there is no express limitations period, ***except an action for the recovery of real property***, must be brought not later than four years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.051 (2011) (emphasis added). The *York* court explained:

> The language of section 16.051 has been a part of Texas law since 1879, when it was included as part of the first revision of the civil statutes following the adoption of the Texas Constitution of 1876. Title LXII "Limitations," chapter 2, "Limitations of Personal Action" included article

3207, which read:

> Every action ***other than for the recovery of real estate***, for which no limitations is otherwise prescribed, shall be brought within 4 years next after the right to bring the same shall have accrued and not afterwards.
>
> The language of article 3207, as added in the 1879 revision, was not altered in the later revisions in 1895, 1911, and 1925. When the Civil Practice & Remedies Code was adopted in a non-substantive revision in 1985, the language was altered slightly with no apparent change in meaning intended.
>
> ***The plain words of the Legislature except from the applicability of the four-year statute of limitations "an action for the recovery of real property."***

*York* at 16 (emphasis added). Thus, absent the parties' agreement in *Rivera*, the limitations decision should have been different.

### c. There is No Limitations Bar

Unfortunately, distinguishing JPMC's cases and noting the inapplicability of the residual statute of limitations does not provide this Court with an affirmative statement of what Texas limitations law specifically applies to claims of constitutional violations in home equity loans. However, to give effect to TEXAS CONSTITUTION art. XVI, section 50(c), as the other (non-home equity loan) homestead cases do, limitations cannot bar Smith's claims based simply on the passage of time from the date of closing to the date he filed suit. If the mere passage of time were capable of doing so, then there would be no meaning to "No mortgage, trust deed, or other lien on the homestead shall ***ever*** be valid . . . ." TEX. CONST. art. XVI, § 50(c) (emphasis added).

Instead, the only way to transform an invalid home equity lien into a valid one is to timely cure the constitutional violation under the provisions of TEX. CONST. art. XVI, § 50(a)(6)(Q)(x)—within sixty days of notice, whenever that notice is given. Because Smith's pleading plausibly alleges that the lien is void and because Smith seeks to quiet title, there should be no limitations bar to his claim. *Ditta, supra*. Whether JPMC's *defense* is barred by the sixty-day rule for failing to cure after a 2008 notice of the constitutional violations is not a question that is before the Court and does not affect Smith's claim that the lien is void and that he has an equitable right to quiet title. Basically, a failure to timely cure would make the lien doubly void (void after the loan closed and void after failure to cure), which adds nothing to the analysis.

While the pleading shows that JPMC did tender cure in 2010, approximately two years after the 2008 notice, whether JPMC had the power to effectuate a tardy cure and whether Smith accepted the 2010 offer of cure and thus waived any issue of tardiness are more questions that are not yet before the Court. The Court notes these remaining questions because it is compelled to observe that both the 2008 and 2010 actions and inactions are within four years of the filing of this suit and thus would not trigger any bar by the four-year statute of limitations—if it applied to them and if the causes of action accrued on those dates.

### d. The Interests of Both Lender and Borrower are Preserved Without the Limitations Bar.

Deciding that a home equity lien imposed in violation of the TEXAS CONSTITUTION is void and that no limitations period runs against a claim of

constitutional violation is not only consistent with Texas law; it makes sense. The only difference in the constitutional treatment of home equity liens and other liens against homestead is that, upon notice, the lender has the opportunity to cure and thus make its void lien valid. The way the constitution is written, the lender retains the capacity to cure as long as the debtor has the right to complain—so long as the lender acts within sixty days of that notice, whenever it is received. The lack of a limitations period under the circumstances presented by this case to date does not prejudice the lender in any manner.

To hold otherwise—that claims of constitutional violations can be barred by limitations—upsets the checks and balances provided by the constitutional language. The result seen in *Rivera* and the cases following it is that: (1) constitutional infirmities that could be cured in home equity loans are never required to be cured; or (2) borrowers have no remedy to correlate with their rights, which rights have been instituted for the purposes of protecting borrowers from destitution and homelessness and encouraging independence. *Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 634–35 (Tex.1987) (citing *Franklin v. Coffee*, 18 Tex. 413, 415 (1857)). Courts have been directed to liberally construe homestead provisions in a manner that promotes that intended purpose. *See Harris*, at 634–35.

Following *Rivera* would be to grant amnesty to errant lenders as a result of the passage of time, alone. The Court believes that justice for both parties is amply preserved by allowing the debtor to make his claim and allowing the lender to then invoke the cure provisions pursuant to the constitutional requirements—in the time allotted to the lender.

**D. Conclusion.**

*Rivera* does not apply to the facts of this case and is distinguished because the parties here have not agreed to the application of the four-year statute. Under Texas law, the four-year statute of limitations—on its face—does not apply to Smith's claim that the lien is void. Equitable claims to recover property based upon liens that are constitutionally void are not barred by limitations. Consequently, the Court does not reach the issues of whether the discovery rule or the revival statute, TEX. CIV. PRAC. & REM. CODE § 16.065, apply.

For these reasons, Defendant JPMC's Motion to Dismiss (D.E.11) is DENIED.

ORDERED this 21st day of November, 2011.

                                                NELVA GONZALES RAMOS
                                             UNITED STATES DISTRICT JUDGE