UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| E. BOYD SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-11-260 |
| | § | |
| JPMORGAN CHASE BANK, | § | |
| NATIONAL ASSOCIATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ON MOTION TO RECONSIDER

Before the Court is "Defendant's Motion to Reconsider Order Denying Motion to Dismiss and, In the Alternative, Motion to Certify Order on Defendant's Motion to Dismiss for Interlocutory Appeal and Brief in Support Thereof" (D.E. 30). The Court GRANTS the Motion to Reconsider (D.E. 30) for the purpose of considering *Boutari v. JPMorgan Chase Bank, N.A.*, 429 Fed. Appx. 407, 2011 WL 2448382 (5th Cir. June 20, 2011 (per curiam). Movant, JPMorgan, has suggested that *Boutari* is controlling authority that is contrary to the Court's Order Denying Motion to Dismiss (D.E. 27). For the reasons stated below, the Court finds that *Boutari* is distinguishable. Thus the Court DENIES any request for relief to JPMorgan with respect to the prior Order (D.E. 27). With respect to the renewed request that the Court certify this matter for interlocutory appeal, that request is DENIED.

### Boutari v. JPMorgan Chase Bank, N.A.

The Court first notes that *Boutari* is a *per curiam* opinion by which the Fifth Circuit affirmed "for **essentially** the reasons set forth by the district court." *Id*.

(emphasis added).  The Fifth Circuit did not expressly adopt any particular part of the district court's or magistrate court's analysis in a case where there were alternative bases for the ultimate result.  Neither did the Fifth Circuit include any analysis of its own.

The *Boutari* decision further bears the notation that the opinion was not to be published and "is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4."  *Id.*  Those limited circumstances address issues such as *res judicata*, collateral estoppel, and law of the case—circumstances not present here.  Thus, the Fifth Circuit has not issued a precedential opinion that is contrary to that of this Court or that is to be treated as controlling the issues before this Court.

Because the Fifth Circuit's decision was not a substantive opinion on the merits, the Court looks to the opinion of the district court to determine if it contains authorities or reasoning that should cause this Court to dismiss this case on the basis of limitations.  According to the district court in *Boutari*, twenty-seven plaintiffs complained that in 1998 or 1999, Long Beach Mortgage[1] made home equity loans to them without being properly licensed, chartered, or approved to do business in Texas or to issue federally insured loans.  *Boutari v. JPMorgan Chase Bank, N.A.*, No. SA-09-CA-608-FB, *4-5 (W.D. Tex. June 10, 2010).  Such a lender, taking a lien on the plaintiffs' respective Texas homesteads, violates Tex. Const. Art. XVI, § 50(a)(6)(P)(i), (ii), and (iii).  Alleging that the liens were void, the plaintiffs sought orders declaring the liens void

---

[1]  Long Beach Mortgage was not a party to the suit.  Five other defendants, including JPMorgan, were alleged to be the current holders or agents of the holders of the loans.

and ordering forfeiture of all principal and interest paid and currently due on the home equity loans, along with actual, additional and punitive damages, costs, and attorney's fees.  Theories included violations of the Texas Finance Code, chapter 392 (Texas Debt Collection Practices Act), Texas Business and Commerce Code, chapter 17 (Texas Deceptive Trade Practices Act), and breach of contract.

Defendants filed their motion to dismiss, claiming *inter alia* that the residual 4-year statute of limitations applied, and that it accrued on the dates the respective loans were closed, meaning that suit was barred if filed after 2002 or 2003.  *Boutari (District Court), supra* at *7-8.  The suit was initiated in 2009.  *Id.* at 8.  Alternatively, the defendants asserted that any constitutional violation had been cured and thus plaintiffs had failed to state a claim upon which relief could be granted.

In response, the plaintiffs argued that the liens were void *ab initio*, were thus not subject to a statute of limitations, and were not curable.  *Id.* at *10.  The district court held that, under *Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342 (Tex. 2001), the lender's status was a curable violation and had, in fact, been cured.  *Boutari (District Court), supra* at *15, 19, 27.  The Plaintiffs had agreed that the actions taken to cure the defect had been taken prior to their filing suit, if the defect were one that could be cured.  *Id.* (quoting Memorandum and Recommendation).  In that event, the plaintiffs could not recover on their constitutional claims.

The Fifth Circuit's unexplained review of the district court's dismissal of the constitution-based claims may have stopped there—short of further inquiry into the question of "void" and "voidable" liens or the application of the 4-year residual statute

of limitations.  If the defect is curable and has been cured, then it is inconsequential whether the lien was labeled "void" or "voidable" and no action exists (whether barred by limitations or not).  Accordingly, the Fifth Circuit's decision to affirm may not have encompassed the issues in this case.  The cure of the defect is a separate and sufficient basis for the *Boutari* result.

It is true that the magistrate judge's memorandum (1) applied the four-year residual statute of limitations and (2) declared the liens "voidable" rather than "void." The district court's opinion accepted those holdings without analysis.  But those holdings do not hold up.  First, the application of the four-year statute of limitations by the magistrate was expressly based on *Rivera v. Countrywide Home Loans, Inc*., 262 S.W.3d 834, 839 (Tex. App.—Dallas 2008, no pet.).  *Boutari (Memorandum and Recommendation), supra* at *30 n.155.  In the Order Denying Motion to Dismiss (D.E. 27), this Court explained why *Rivera* is not proper analytical support for the application of the residual four-year statute.

The only reason expressed by the magistrate judge for the declaration that the liens in that case were voidable rather than void was that the constitutional violations were curable.  The magistrate judge and the district judge, who excerpted and reprinted that portion of the magistrate's recommendation, simply considered a "curable" lien to be "voidable."  There is no citation of authority for that conclusion and it is contrary to the language of Texas Constitution Art. XVI, § 50(c) as well as being counter-intuitive.  A "voidable" lien goes from being facially valid to being void.  To the contrary, a "curable" lien goes from being constitutionally void to being valid.  Nothing about

these processes equates "curable" with "voidable."   To the extent that the district court's decision is based upon this false equivalency, this Court declines to follow it.

### Motion to Certify Appeal

The Court may certify an interlocutory order for appeal pursuant to 28 U.S.C. § 1292(b) if "the Court is of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ."   The Court finds that, while the *Rivera* line of cases represents a contrary view, that view is based upon litigants' agreement rather than an analysis of the legal authorities governing the limitations issues.   Thus it does not reflect substantial ground for difference of opinion.   The *Boutari* decision is sufficiently distinguishable that it does not compel a finding of a difference of opinion.   More importantly, this case does not appear to be factually complex and an interlocutory appeal would serve to delay the ultimate termination of the litigation rather than materially advance it.   The motion to certify the Order (D.E. 27) for interlocutory appeal is DENIED.

### Conclusion

For the reasons set out above, the Court **GRANTS** JPMorgan's Motion to Reconsider Order Denying Motion to Dismiss (D.E. 30) and has reconsidered its rulings in its Order (D.E.27) in light of the *Boutari* rulings.   The Court **DENIES** JPMorgan's alternative Motion to Certify Order on Defendant's Motion to Dismiss for

Interlocutory Appeal.  The Court **REAFFIRMS AND SUPPLEMENTS** its holdings

in its Order (D.E.27) as set out above.

ORDERED this 9th day of January, 2012.

Nelva Gonzales Ramos
United States District Judge